IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, | |
| Plaintiff, | Case No. 1:25-cv-02565 |
| v. | Hon. Elaine E. Bucklo |
| VALERY J. AHRENS, | Magistrate Judge: Hon. M. David Weisman |
| Defendant. | |

**Motion of Eugene Volokh to Intervene and
Opposition to Motion for Leave to Proceed Under Pseudonym**

**Introduction**

1. Volokh, as a member of the public and the press, is entitled to intervene to assert his right of access to court records, including to the name of the plaintiff.

2. Recent Seventh Circuit decisions make clear that pseudonymity should be allowed only in extraordinary cases, and that the threat of reputational harm to plaintiff does not suffice to justify pseudonymity. In particular, cases throughout the country recognize that pseudonymity should not be allowed in defamation cases, including cases where plaintiff alleges that he is the victim of false accusations of sexual assault, and where the facts include discussions of plaintiff's sexual behavior.

Like any other person who alleges that he was the target of a campaign of lies, plaintiff is entitled to sue defendant for defamation. But like any other defamation plaintiff, plaintiff cannot seek to do so behind the cloak of anonymity.

Plaintiff opposes the motion. Defendant has not yet appeared.

1

I. **A motion to intervene is the proper tool for third parties to challenge the sealing of court documents**

"[I]ntervention" is "the logical and appropriate vehicle by which the public and the press may challenge a closure order." *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000). Members of the media are "permitted to intervene in order to present arguments against limitations on the constitutional or common law right of access," *In re Associated Press*, 162 F.3d 503, 508 (7th Cir. 1998), and so are "member[s] of the public generally, *Jessup*, 227 F.3d at 997, 998. In particular, Rule 24's "common fact or law requirement" is not a barrier to intervention by people seeking to assert their right of access: "[A]lthough there is ample justification for the common fact or law requirement when the proposed intervenors seek to become a party to the action, '[t]here is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order.'" *Id.* at 997 (citations omitted).

Pseudonymity is essentially a form of partial sealing: "[P]seudonymous litigation undermines the public's right of access to judicial proceedings because the public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Doe*, 85 F.4th 206, 210-11 (4th Cir. 2023) (cleaned up). Intervention is thus likewise the proper vehicle to challenge pseudonymity. *See, e.g., Doe v. Amar*, No. 22-CV-2252, 2023 WL 4564404, *3 (C.D. Ill. July 17, 2023) (granting Volokh's motion to intervene in order to unseal record documents and to depseudonymize the case); *Doe v. Town of Lisbon*, No. 1:21-CV-944-JL, 2022 WL 2274785, *3 (D.N.H. June 23, 2022) (granting Volokh's motion to intervene in order to unseal a record document and to oppose pseudonymity), *aff'd as to other matters,* 78 F.4th 38 (1st Cir. 2023); *Does 1-6 v. Mills*, No. 1:21-CV-00242-JDL, 2021 WL 6197377, *2 (D. Me. Dec. 30, 2021) (granting media organizations' motion to intervene in order to oppose pseudonymity); *Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2024 WL 1345516, *3

(E.D.N.Y. Mar. 29, 2024) (granting independent journalist's motion to intervene in order to seek reconsideration of an earlier decision allowing plaintiff to proceed pseudonymously)

Proposed intervenor Eugene Volokh, as a member of the public and someone who writes extensively in the press, therefore has the right to intervene to assert his rights of access to the sealed records. Volokh is a researcher on law and an emeritus law professor, Volokh Decl. ¶ 1, who also writes for The Volokh Conspiracy, a prominent legal blog hosted by Reason Magazine (http://reason.com/volokh). *Id.* ¶ 2. He often writes about First Amendment law; about libel lawsuits generally; about libel lawsuits alleging that the defendant had falsely accused plaintiff of sexual misconduct; and about pseudonymous litigation. *Id.* ¶ 3; *see, e.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022) (cited in, among other cases, *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 914 (7th Cir. 2024)). He seeks access to information about plaintiff's identity so he can better cover this case, for instance by examining any past litigation involving the plaintiff, and otherwise trying to determine if any similar accusations had been made against the plaintiff. Volokh Decl. ¶ 4.

## II. Plaintiff's motion to proceed pseudonymously should be denied

### A. Pseudonymity is highly disfavored, because it interferes with the public's right of access to court proceedings

"The norm in federal litigation is that all parties' names are public." *Doe v. Trustees of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). "Only 'exceptional circumstances' justify the use of a fictitious name for an adult party." *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019) (citation omitted); *see also Doe v. Loyola Univ. Chicago*, 100 F.4th at 913 (citing and endorsing this statement). This is because "[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Loyola Univ. Chicago*, 100 F.4th at 913 (cleaned up).

"Secrecy makes it difficult for the public (including the bar) to understand the grounds and motivations of a decision, why the case was brought (and fought), and what exactly was at stake in it." *Id.* (cleaned up). "Judicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." *Doe v. Trustees of Indiana Univ.*, 101 F.4th at 491 (cleaned up). And "[t]he presumption against pseudonymity is amplified by the public's constitutionally guaranteed right of access to court proceedings." *Doe 1 v. NorthShore Univ. HealthSystem*, No. 21-CV-05683, 2021 WL 5578790, *9 (N.D. Ill. Nov. 30, 2021).

### B. The plaintiff's reputational or privacy concerns do not suffice to justify pseudonymity

Even when a would-be Doe "faces a risk of stigmatization from the community and the public at large," "embarrassment does not justify anonymity." *Doe v. Trustees of Indiana Univ.*, 101 F.4th at 492 (cleaned up). "[W]e have refused to allow plaintiffs to proceed anonymously merely to avoid embarrassment," including when plaintiff's "asserted interest lies in protecting his reputation." *Id.* at 491 (cleaned up). "That a plaintiff may suffer embarrassment or economic harm is not enough" to warrant a pseudonym. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).

An expelled student's "interest in avoiding further embarrassment while pursuing his damages claim against the University and its employees [over an allegedly incorrect finding of sexual assault] does not warrant departure from the general rule that a complaint must name all parties." *Doe v. Rosalind Franklin Univ.*, 685 F. Supp. 3d 684, 688 (N.D. Ill. 2023). Likewise, Doe's "interest in avoiding further embarrassment while pursuing" his claim against Ahrens over her allegedly incorrect accusations of sexual assault (and other misconduct) "do not warrant departure from the general rule that a complaint must name all parties." *Id.*

In particular, plaintiffs may not sue pseudonymously for defamation, including when they allege that defendants had falsely accused them of sexual assault or other intimate misconduct. A

4

"garden variety defamation case" "does not present the exceptional circumstances necessary for [plaintiff] to proceed by pseudonym." *Doe v. Doe*, 85 F.4th at 217. Nor can defendant justify pseudonymity by "argu[ing] that the underlying facts in the case relate to allegations of sexual assault and, 'in light of the nature of this case, private and intimate details regarding the lives of John Doe and Jane Doe will be at issue.'" *Id.* at 211. That was precisely what defendant argued in *Doe v. Doe* itself, *id.*, yet the Fourth Circuit still viewed the case as a "garden variety defamation case" in which pseudonymity was not justified.

Other courts agree. "It would be fundamentally unfair for plaintiff to be able to 'clear his name' and wield a potential [defamation judgment] against [defendant] to his advantage but hide under a shield of anonymity if unsuccessful." *Doe v. Doe*, 649 F. Supp. 3d 136, 141 (E.D.N.C.), *aff'd*, 85 F.4th 206; *Doe v. Roe*, No. 23-CV-01149-NYW-KLM, 2023 WL 4562543, *3 (D. Colo. July 17, 2023) (quoting and endorsing the statement from *Doe v. Doe*). "Plaintiff does not identify any case law where a plaintiff bringing claims of libel or defamation was allowed to proceed using pseudonyms against the purported victim of the sexual assault." *DL v. JS*, No. 1:23-CV-1122-RP, 2023 WL 8102409, *2 (W.D. Tex. Nov. 21, 2023). "The Court finds it highly persuasive that Plaintiff fails to and is unable to cite a single case in which a plaintiff, suing for defamation and alleging he was falsely accused of sexual assault, was allowed to proceed anonymously against the victim of the purported assault." *Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, *6 (E.D.N.Y. Oct. 14, 2020). The same is true in defamation cases that involve allegations other than sexual assault. *See, e.g.*, *Doe v. Bogan*, 542 F. Supp. 3d 19, 23 (D.D.C. 2021) ("[A]llegations in defamation cases will very frequently involve statements that, if taken to be true, could embarrass plaintiffs or cause them reputation[al] harm. This does not come close to justifying anonymity.").

5

Indeed, the public's "interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." *Doe v. Trustees of Indiana Univ.*, 101 F.4th at 491, is particularly strong in defamation cases, where plaintiffs seek to impose liability for comments that, if truthful, would be constitutionally protected and valuable to the public. This is especially true in defamation suits regarding allegations of sexual abuse. If a court is to impose massive liability, an injunction, and a forced retraction on a person who made such allegations, *see* Compl. 55-56 (ECF No. 1), doing so under the cloak of secrecy would understandably yield public skepticism about the fairness of the proceedings. And indeed, such defamation lawsuits related to sexual assault allegations are routinely litigated under parties' true names. *See, e.g.*, *Hockenberry v. United States*, 42 F.4th 1164 (10th Cir. 2022); *Elias v. Rolling Stone LLC*, 872 F.3d 97 (2d Cir. 2017); *Schwern v. Plunkett*, 845 F.3d 1241 (9th Cir. 2017).

More broadly, many plaintiffs in many sorts of cases—even beyond defamation cases—would like to be able to sue pseudonymously, in order to protect their reputations against the allegations that had been made against them. Even more defendants would want the same protection: "[A]ny doctor sued for medical malpractice, any lawyer sued for legal malpractice, or any individual sued for sexual molestation can assert that the plaintiff's allegations will cause harm to his reputation, embarrassment and stress among his family members, and damage to his business as a result of the litigation." *Doe v. Doe*, 668 N.E.2d 1160, 1167 (Ill.Ct.App. 1996).) Yet "it is difficult to see how defendant has set himself apart from any individual who may be named as a defendant in a civil suit for damages." *Id.* (so stating as to a defendant who sought pseudonymity to avoid being further linked to what he claimed were false allegations of sexual abuse of a child).

6

Allowing pseudonymity in this case, and therefore in other cases that involve comparably damaging accusations, would thus violate the principle that "only 'exceptional circumstances' justify the use of a fictitious name for an adult." *E.A.*, 929 F.3d at 926.

> Plaintiff's main concern in his own right regards damage to his personal and professional reputation, should these proceedings become public. Although a valid concern, it does not outweigh the public's interest in having the case open. If it did, then any defamation plaintiff could successfully move to seal a case and proceed by pseudonym, in order to avoid "spreading" or "republishing" the defamatory statement to the public. However, this is not the customary practice.

*Doe v. FBI*, 218 F.R.D. 256, 259 (D. Colo. 2003).

## Conclusion

Volokh has a First Amendment and common-law right to "know who is using [the public's] courts," *Doe v. Loyola Univ. Chicago*, 100 F.4th at 913 (cleaned up). He is therefore entitled to intervene to oppose the motion to proceed pseudonymously; and the motion to proceed pseudonymously should be denied.

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh, *pro se*
Hoover Institution
Stanford University
434 Galvez Mall
Stanford, CA 94305
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(650) 721-5092
volokh@stanford.edu
Institutional affiliation listed for
identification purposes only; movant
represents solely himself

**Certificate of Service**

I certify that on April 14, 2025, I filed this Motion via the Northern District of Illinois Pro Se Filer PDF Submissions page, and e-mailed a copy to counsel for plaintiff. Defendant has not yet appeared.

s/ Eugene Volokh
Eugene Volokh, p*ro se*

**Appendix: Declaration of Eugene Volokh**

I declare under penalty of perjury:

1. I am the Thomas M. Siebel Senior Fellow at the Hoover Institution (Stanford University) and the Gary T. Schwartz Distinguished Professor of Law Emeritus at UCLA School of Law. I include these affiliations solely to identify myself; I am representing solely myself in this case, and not any other person or institution.

2. I write for The Volokh Conspiracy, a prominent legal blog hosted by Reason Magazine (http://reason.com/volokh).

3. I often write—in my blog and in my law review articles—about First Amendment law; about libel lawsuits generally; about libel lawsuits alleging that the defendant had falsely accused plaintiff of sexual misconduct; and about pseudonymous litigation.

4. I seek access to information about plaintiff's identity so I can better cover this case, for instance by examining any past litigation involving the plaintiff, and determining if any similar accusations had been made against the plaintiff.

s/ <u>Eugene Volokh</u><br>
Eugene Volokh, *pro se*<br>
Hoover Institution<br>
Stanford University<br>
434 Galvez Mall<br>
Stanford, CA 94305<br>
385 Charles E. Young Dr. E<br>
Los Angeles, CA 90095<br>
(650) 721-5092<br>
volokh@stanford.edu<br>
Institutional affiliation listed for identification purposes only; movant represents solely himself

App-1