

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

John Doe, an individual by pseudonym

    Plaintiff

v.

Valery Ahrens

    Defendant

Case Number: 1:25-cv-02565

Judge: John J. Tharp, Jr.

Magistrate Judge: M. David Weisman

# MOTION TO OPPOSE PLAINTIFF'S EMERGENCY MOTION TO SEAL DOCKET NOS. 28 & 29

## I. PLAINTIFF'S PRIOR CASE FILINGS ARE PUBLIC AND DO NOT WARRANT REDACTION

There is no legal basis for sealing or redacting publicly accessible court docket numbers, particularly when those dockets were created by the Plaintiff himself and are central to the issues now before this Court. Judicial records are presumptively public. Plaintiff's case history, including multiple filings in different counties under his real name, is both relevant and essential for the Court to assess his credibility and pattern of vexatious litigation. Redacting case numbers would not serve any legitimate privacy interest; it would instead obscure the context required to evaluate the truthfulness of Plaintiff's claims and the legitimacy of his conduct. Courts do not seal dockets to help a litigant avoid scrutiny for forum shopping, abuse of process, and prior inconsistent pleadings.

## II. <u>PLAINTIFF'S COUNSEL'S COERCIVE EMAILS EXPOSE THE TRUE PURPOSE OF THIS MOTION</u>

Following Defendant informing Plaintiff's lawyer, Ryan B. Jacobson, pro se filing through the Court's pro se submission portal, Plaintiff's counsel, Ryan B. Jacobson, responded demanding Defendant immediately withdraw her response or face monetary sanctions. He later followed up, asking whether Defendant intended to amend or withdraw her filing "given the warning" he had 'articulated.' Defendant recognized these messages as not merely inappropriate attempts to intimidate a pro se litigant, but as part of a calculated legal tactic. Mr. Jacobson had previously contacted Defendant's former counsel and boasted of securing a $7 million defamation verdict in a prior case. He did not disclose that the judgment had been entered by default. He also claimed this case is "much stronger."

Given this context, it was reasonable for Defendant to conclude that Plaintiff's counsel hoped to replicate that outcome by suppressing Defendant's response and then seeking default judgment. Had Defendant indeed been intimidated into withdrawing or altering her filing, Plaintiff's counsel could have claimed procedural noncompliance for not meeting the filing deadline and moved for sanctions or default judgment as leverage.

Defendant reminded Ryan B. Jacobson that he is well aware of how to move to seal a docket entry. In fact, he had done so previously, after including his client's full name in his amended complaint. If Plaintiff's position had merit, no intimidation would have been necessary. The threats themselves reflect an attempt to deprive

2

Defendant of the right to respond meaningfully to disturbing and false allegations made against her under pseudonym. This is not legitimate litigation conduct. It is strategic coercion.

### III. PLAINTIFF'S MOTIVES ARE CLEAR: TO SHIELD HIMSELF FROM CONSEQUENCES AND SILENCE DEFENDANT

Plaintiff has constructed a false and sexually degrading narrative in an effort to coerce Defendant into a settlement that includes a global release and non-disparagement clause. Such a release would immunize Plaintiff from any sanctions he likely faces in a still-pending state court case, which was recently transferred back to its proper venue following Defendant's motion. It would also allow him to erase the record of contradictory claims and abusive filings he has made in multiple courts.

This federal case was filed only after Plaintiff's state court tactics failed. The timing, shortly after the venue transfer was granted, is not coincidental. Plaintiff is attempting to use this federal forum to rewrite the facts and insulate himself from accountability.

It is essential that Defendant retain the right to reference this case and expose its context. Plaintiff's strategy, if successful, would silence Defendant, protect his abusive conduct from scrutiny, and weaponize the Court's procedures to achieve what he failed to obtain through multiple previously filed cases.

Defendant reserves the right to seek sanctions under Rule 11 for Plaintiff's continued pursuit of knowingly false and retaliatory claims.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Deny Plaintiff's Emergency Motion to Seal Docket Nos. 28 and 29; and

2. Reject any further attempt by Plaintiff to misuse sealing or

pseudonymity to silence Defendant and manipulate this Court.


Respectfully submitted,

*/s/Valery Ahrens*
Valery Ahrens
Pro se Litigant
32148 237th St.
Eldora. IA 50627
(312) 805-1143
Missvalerya@live.com

4

## **CERTIFICATE OF SERVICE**

I, Valery Ahrens, a pro se litigant, hereby certify that on June 3, 2025 I served a true and correct copy of the foregoing document via email to:

Danessa P. Watkins

Attorney for Plaintiff

DWatkins@amundsendavislaw.com


**Dated**: June 3, 2025.              **By**: */s/ Valery Ahrens*