## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, an individual by pseudonym | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO:   1:25-cv-02565** |
| | ) | (**HONORABLE JOHN H. THARP JR.**) |
| v. | ) | |
| | ) | |
| **VALERY J. AHRENS**, an individual | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(C)

NOW COMES Plaintiff, JOHN DOE (hereinafter, "Plaintiff" or "Doe"), by pseudonym and through his attorney, Ryan Jacobson of Amundsen Davis, LLC, and for his Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff asserts the following:

### MATERIAL BACKGROUND

In October of 2021, Plaintiff and the Defendant, VALERY J. AHRENS ("Defendant" or "Ahrens"), met online and began trading communications via social media, telephone, and text message. Second Am. Compl. ¶ 1 ("Dkt. #22"); Doe Decl. ¶ 2 (**Ex. 1**). An objectively casual, long-distance connection developed between the Parties, and most of their exchanges were sexual in nature. Dkt. #22, ¶ 2. During that time, and unbeknownst to Plaintiff, Ahrens surreptitiously recorded the Parties' private, sexual exchanges without Plaintiff's consent. *Id.* at ¶ 12; Doe Decl. ¶¶ 3 & 8 (**Ex. 1**).

At first, the casual nature of their remote relationship was intriguing to Plaintiff, but it soon took a negative turn. Dkt. #22, ¶ 2. The specifics of Ahrens's extensive campaign of tortious and harassing conduct is detailed in Plaintiff's pleading. *See, generally,* Dkt. #22.

As is relevant to the present motion, Ahrens manipulated the surreptitious recordings of her consensual, private communications with Plaintiff to give the false impression that Plaintiff was

physically abusive. Dkt. #22, ¶ 12. In reality, Plaintiff was more than 300 miles away from Ahrens when the exchanges took place. *Id.* Upon information and belief, Ahrens broadcast the improperly-obtained and misleading recordings to *thousands* of recipients for the purpose of humiliating and destroying Plaintiff's reputation. *Id.* at ¶¶ 12-13, 132-38; *see* Doe Decl. ¶¶ 3-5 (**Ex. 1**).

Plaintiff did not learn Ahrens had recorded their private exchanges until her manipulated footage was found online. Dkt. #22, ¶ 209; Doe Decl. ¶¶ 3-5 (**Ex. 1**). Plaintiff reasonably fears that Ahrens has additional private recordings, which she may have already published to others but that remain inherently hidden and undiscoverable by Plaintiff. Dkt. #22, ¶ 249; Doe Decl. ¶ 9 (**Ex. 1**). Plaintiff contends and pleads that Ahrens's conduct is in violation of Illinois' Eavesdropping Statute, 720 ILCS 5/14-1 *et seq.*, which requires two-party consent.[1] Dkt. #22, ¶¶ 61, 70, 134, 198, 247.

Plaintiff brings this motion for a protective order to prevent Ahrens from continuing to publish the surreptitious recordings and from using such recordings in an oppressive manner to force Plaintiff to abandon his claims. Good cause exists to grant the relief requested herein, as undue prejudice will surely befall on Plaintiff absent Court intervention at this early stage.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) permits the court, for good cause, to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the disclosure or discovery of evidence during discovery. Fed. R. Civ. P. 26(c).

---

[1]     Pursuant to the Illinois Eavesdropping Act,

> "A person commits eavesdropping when he or she knowingly and intentionally: . . . (2) Uses an eavesdropping device, in a surreptitious manner, for the purpose of transmitting or recording all of part of any private conversation to which he or she is a party unless he or she does so with the consent of all other parties to the private conversation; . . . or (5) Uses or discloses any information which he or she knows or reasonably should know was obtained from a private conversation or private electronic communication in violation of this Article, unless he or she does so with the consent of all of the parties."

720 ILCS 5/14-2(a)(2) & (5).

The party seeking the protective order bears the burden of demonstrating why the order should be entered. *Global Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.,* 133 F.Supp.3d 1079, 1084 (N.D. Ill. 2015). This is done by showing "good cause" and explaining why it will be subjected to "annoyance, embarrassment, oppression, or undue burden or expense" if the protective order is not entered. Fed. R. Civ P. 26(c)(1); *see also Hollinger International, Inc. v. Hollinger Inc.,* No. 04 C 698, 2005 U.S. Dist. LEXIS 30420 at *11 (N.D. Ill. Jan. 19, 2005). A trial judge must make an independent determination of good cause prior to issuing a protective order. *Id.* at *7-8.

<u>**LEGAL ANALYSIS**</u>

Ahrens has been relentless in her efforts to harass and humiliate Plaintiff. *See, generally,* Dkt. #22. Part of her tortious campaign has been the release of surreptitiously recorded, highly private communications between herself and Plaintiff absent Plaintiff's knowledge or consent. Doe Decl. ¶¶ 3-5 (**Ex. 1**). Now, she threatens to further weaponize those illegal recordings to strong-arm Plaintiff into an unfair settlement and/or dismissal of his claims. This behavior cannot be allowed to continue.

After the instant lawsuit was filed, Ahrens's then-counsel of record emailed the undersigned attorney for Plaintiff ("Attorney Jacobson") on April 30, 2025. Jacobson Decl. ¶ 3 & Ex. A (**Ex. 2**). Attached to defense counsel's email was an audio recording of a private conversation between Plaintiff and Ahrens, which was obtained by Ahrens without Plaintiff's consent or knowledge. *Id.* at ¶ 4 & Ex. A; Doe Decl. ¶ 8 (**Ex. 1**). Defense counsel -- presumably acting on false information from his client, Ahrens -- stated that Plaintiff "was a voluntary participant if not the director of such recordings, as the attached file reveals." Jacobson Decl. ¶ 4 & Ex. A (**Ex. 2**). Defense counsel further threatened, "**[t]here are many such recordings that will be disclosed in the course of this case in the event it is not resolved**." *Id.* at Ex. A (emphasis added).

Attorney Jacobson promptly responded and advised, in no uncertain terms:

> What I find most interesting about the audio you sent over is that it was recorded illegally and without consent. Sounds like I need to amend my public disclosure count? You realize this was a video call and that they were not in the same room together, right?

*Id.* at ¶ 5 & Ex. B; *cf.* Doe Decl. ¶ 8 (**Ex. 1**). Ahrens's counsel subsequently moved for and was granted leave to withdraw as counsel for Defendant. Dkt. #26; Dkt. #27.

Ahrens, proceeding without counsel and without having filed a *pro se* appearance, improperly[2] filed a brief in opposition to Plaintiff's motion for leave to proceed under a pseudonym, an unstamped copy of which she emailed to Plaintiff's counsel without any commentary or explanation. Jacobson Decl. ¶ 7 & Ex. C (**Ex. 2**). Attorney Jacobson responded by advising that Ahrens had unmasked the identity of the John Doe Plaintiff in her brief, was in violation of Court Order, and needed to take immediate action to withdraw her filing. *Id.* Ahrens responded aggressively, calling Plaintiff "unhinged and delusional," advising she had submitted an ARDC complaint against Attorney Jacobson, and attaching yet another surreptitiously recorded communication between Ahrens and Plaintiff, which Plaintiff and his counsel perceived as a threat given the substance and tone of Ahrens's email. *Id.* at ¶¶ 7-8 & Ex. C; *cf.* Doe Decl. ¶ 8 (**Ex. 1**).

Ahrens's surreptitious recording and broad publication of out-of-context and extremely private exchanges between the Parties served only one purpose: the humiliation and complete destruction of Plaintiff's reputation amongst those within his network and beyond. Ahrens has now been put on notice through multiple means -- the specific facts pled in this lawsuit, communications from Attorney Jacobson, and presumably through instruction from her former counsel -- that she was not authorized to record, let alone distribute, the private verbal and video interactions between her and Plaintiff. Based on her history of tortious, harassing behavior, and her continued threats, Plaintiff is reasonable in his fear that Ahrens will continue to publicly release illegal recordings to

---

[2] *See* Minute Entry Order (Dkt. #34) (sealing Ahrens's filings and stating, "[t]he Court further strikes both docket entries, as the Court already ruled that briefing on the plaintiff's motion to proceed under a pseudonym was stayed pending appearance by new defense counsel).

4

harass and oppress Plaintiff, forcing him into a settlement and/or voluntary dismissal of his claims. Doe Decl. ¶¶ 8-11 (**Ex. 1**); *see also* Jacobson Decl. ¶¶ 10-11 & 13 (**Ex. 2**).

Based on the above and the attached evidence, good cause exists for entry of a protective order under Rule 26(c) to allow this case to proceed on the merits and avoid the undue costs to Plaintiff in having to address Ahrens's ongoing harassment, oppression and tortious conduct.

**PRAYER FOR RELIEF**

**WHEREFORE**, for the reasons detailed herein, the Plaintiff respectfully requests the following relief from this Honorable Court:

(1) Entry of a protective order that states the following in substance:

    a. Defendant is prohibited from further publication in any manner, in any form, and to any third party any video or audio recording of a private communication between herself and Plaintiff that she obtained through surreptitious means without the consent of the Plaintiff; and

    b. Defendant is prohibited from submitting for use in discovery in this case any video or audio recording of a private communication between herself and Plaintiff that she obtained through surreptitious means without the consent of the Plaintiff.[3]

(2) As well as any additional relief this Court deems just and proper under the specific circumstances.

Respectfully submitted,

*/s/ Ryan B. Jacobson*
*Attorney for Plaintiff*
Ryan B. Jacobson, Esq. (6269994)
Danessa P. Watkins, Esq. (6314234)
AMUNDSEN DAVIS, LLC
150 North Michigan Avenue
Suite 3300 Chicago, Illinois 60601
(312) 894-3200
rjacobson@amundsendavislaw.com
dwatkins@amundsendavislaw.com

---

[3] *See* 720 ILCS 5/14-5 (stating, "[a]ny evidence obtained in violation of this Article is not admissible in any civil . . . trial," any only including a carve-out exception for use in a criminal trial or grand jury hearing).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the **23rd** day of **June, 2025**, he will cause to have filed a copy of **Plaintiff's Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c),** via the CM/ECF filing system and further served a copy by email on defendant:

Valery Ahrens via email at: <u>missvalerya@live.com</u>

By: s/*Ryan B. Jacobson*