# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, an individual by pseudonym | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO:** 1:25-cv-02565 |
| | ) | (**HONORABLE JOHN H. THARP JR.**) |
| **VALERY J. AHRENS**, an individual | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF RYAN B. JACOBSON, ESQ.

I, Ryan B. Jacobson, make the following declaration on my personal knowledge and if called as a witness, I would testify truthfully to the facts set forth herein:

1. I am an attorney duly licensed in the State of Illinois, a partner and shareholder of the law firm Amundsen Davis, LLC, and one of the attorneys of record for the plaintiff, John Doe.

2. Included in Plaintiff's Second Amended Complaint are specific allegations of Defendant's improper, surreptitious recording and publication of highly private communications with my client without his knowledge, which we contend constitutes a violation of the Illinois Eavesdropping Statute.

3. Attached as **Exhibit A** is a true and copy of my email correspondence with Joel Huotari, former counsel of record for the Defendant, which occurred on April 30, 2025.

4. Attorney Huotari emailed me an audio recording[1] created by Ahrens of a private conversation between her and my client, which was recorded without Doe's consent. *Id.*

5. Attached as **Exhibit B** is a true and correct copy of my email response to Attorney Huotari advising that the audio recording he had emailed me was recorded illegally without consent.

6. Subsequently, Attorney Huotari moved for and was granted leave to withdraw as counsel for Defendant.

---

[1] In order to avoid further disclosure of private, sexual communications, which were recorded without my client's consent, the audio recording is not being filed into the court record.

1

7. Attached as **Exhibit C** is a true and correct copy of an email exchange between myself and Defendant, which occurred between May 30, 2025 and June 2, 2025.

8. Defendant attached to her June 2nd email an audio recording of a private conversation between herself and my client that was recorded surreptitiously without my client's consent.

9. I redacted portions of this email to protect the identity of my client.

10. Attached as **Exhibit D** is a true and correct copy of an email correspondence from me to Defendant following our Court appearance on June 4, 2025.

11. Herein, I addressed that Defendant had repeatedly threatened to publicize the secret recordings she made of private communications with my client without his consent as leverage against our federal lawsuit, and to put her on notice that such recordings were illegal under the Illinois Eavesdropping Act.

12. By declaring that my client did not consent to the recordings addressed above, I am in no way intending to waive any confidential communications between me and my client that are subject to attorney-client privilege.

13. Based on Defendant's history of conduct and her continued threats to publicize illegally-obtained recordings of my client, good cause exists for entry of a protective order in the manner requested in our attending motion.

*Further Affiant Sayeth Naught.*

**PURSUANT TO 28 U.S.C. § 1746, I, RYAN B. JACOBSON, DECLARE UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on: <u>June 20, 2025</u>

*[signature]*

_____
**RYAN B. JACOBSON, ESQ.**

2

**Exhibit A**

**Reed, Danielle**

| | |
|---|---|
| **From:** | Jacobson, Ryan |
| **Sent:** | Wednesday, June 4, 2025 2:29 PM |
| **To:** | Watkins, Danessa; Reed, Danielle |
| **Subject:** | FW: Doe v. Ahrens |
| **Attachments:** | Audio_04_26_2025_09_20_49.mov |

**From:** Joel Huotari <jhuotari@wilmac.com>
**Sent:** Wednesday, April 30, 2025 4:54 PM
**To:** Jacobson, Ryan <RJacobson@amundsendavislaw.com>
**Subject:** Re: Doe v. Ahrens

[EXTERNAL]

Ryan,

Not surprisingly, there is another side to the story your client has presented you with. Rather than the innocent victim of surreptitious recordings, he was a voluntary participant if not the director of such recordings, as the attached file reveals. There are many such recordings that will be disclosed in the course of this case in the event it is not resolved.

**Redacted - Fed. R. Evi. 408**

If not, my client is very interested in defending herself publicly and vindicating herself.

Thanks,

Joel

**From:** Jacobson, Ryan <RJacobson@amundsendavislaw.com>
**Sent:** Monday, April 28, 2025 6:01 PM
**To:** Joel Huotari <jhuotari@wilmac.com>
**Subject:** RE: Doe v. Ahrens

Joel,

Following our phone conversation in early April and our agreed-to extension for your to file responsive pleadings. You indicated you were going to look into whether this was a case that should go the distance or whether we, as lawyers, could find a creative but enforceable solution to the alleged nightmare.

Have you considered this further, or do you intend to fight 'til the death?

**Ryan B. Jacobson, Esq.,** Partner
**AMUNDSEN DAVIS LLC**
**Direct:** (312) 894-3252

1

**EXHIBIT B**

## Watkins, Danessa

| | |
|---|---|
| **From:** | Jacobson, Ryan <RJacobson@amundsendavislaw.com> |
| **Sent:** | Wednesday, April 30, 2025 5:32 PM |
| **To:** | Joel Huotari |
| **Subject:** | RE: Doe v. Ahrens [IWOV-Active.FID2002834] |

**CONFIDENTIAL SETTLEMENT COMMUNICATION**

This is yet another out-of-context example of an effort by this troubled woman to garner sympathy from a lawyer, whom I hope, is getting paid well and has a sufficient retainer.

What I find most interesting about the audio you sent over is that it was recorded illegally and without consent. Sounds like I need to amend my public disclosure count? You realize this was a video call and that they were not in the same room together, right? And that your client admits that being degraded is a turn on? Have you seen the videos she sent him? ███████████████████████████████. Did she admit to you they never had an in-person sexual encounter – and that they met in person only once.

I agree there are always two (maybe even three) sides to every story, but it would behoove you to sit down with your client in person (not zoom), put her through a sample cross-examination, and also ask her to see *all* of the exchanges between the parties (videos included), all of the accounts she created, and see if you still feel like you are on the right side the of "v." My client has tried several times to encourage your client to move on with her life – to no avail. She needs help. I am hoping she has a trusted advisor in you and that you can get her the counseling she so clearly needs.

**Redacted - Fed. R. Evi. 408**

**From:** Joel Huotari <jhuotari@wilmac.com>
**Sent:** Wednesday, April 30, 2025 4:54 PM
**To:** Jacobson, Ryan <RJacobson@amundsendavislaw.com>
**Subject:** Re: Doe v. Ahrens

**[EXTERNAL]**

Ryan,

Not surprisingly, there is another side to the story your client has presented you with. Rather than the innocent victim of surreptitious recordings, he was a voluntary participant if not the director of such recordings, as the attached file reveals. There are many such recordings that will be disclosed in the course of this case in the event it is not resolved.

**Redacted - Fed. R. Evi. 408**

If not, my client is very interested in defending herself publicly and vindicating herself.

Thanks,

Joel

---

**From:** Jacobson, Ryan <RJacobson@amundsendavislaw.com>
**Sent:** Monday, April 28, 2025 6:01 PM
**To:** Joel Huotari <jhuotari@wilmac.com>
**Subject:** RE: Doe v. Ahrens

Joel,

Following our phone conversation in early April and our agreed-to extension for your to file responsive pleadings. You indicated you were going to look into whether this was a case that should go the distance or whether we, as lawyers, could find a creative but enforceable solution to the alleged nightmare.

Have you considered this further, or do you intend to fight 'til the death?

**Ryan B. Jacobson, Esq.,** Partner
**AMUNDSEN DAVIS LLC**
**Direct:** (312) 894-3252

**Exhibit C**

**Reed, Danielle**
___

| | |
|---|---|
| **From:** | Valery Ahrens <missvalerya@live.com> |
| **Sent:** | Monday, June 2, 2025 4:56 PM |
| **To:** | Jacobson, Ryan |
| **Cc:** | Watkins, Danessa |
| **Subject:** | Re: 25-cv-2565 [IWOV-Active.FID2002834] |
| **Attachments:** | ▮▮▮▮▮▮▮ Threat.mp3 |

**[EXTERNAL]**

Hi Ryan,

As you are aware, your client's growing trail of vexatious litigation is a matter of public record.

The obvious impracticalities of a public figure trying to abuse pseudonymity in federal court after ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ seems like, as we non-lawyers say, a 'you' problem.

Had your complaint not falsely implied that this was your client's second filing against me, I would not have had to correct the record. Any attorney I retain will need to review not one, but at least ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮ include demonstrably false allegations and contradictory narratives. A substantial amount of time and effort was necessary just to transfer and organize your client's overlapping and duplicative filings back at the original venue.

Your client appears to believe that each time he receives an unfavorable ruling, he can abandon the venue, change his story, and relaunch accusations elsewhere without consequence.

▮▮▮ has a history of preemptively making malicious false allegations when he fears he may face consequences for his actions. He is currently facing potential sanctions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ just two weeks after his previous petition was dismissed with prejudice. He then obtained and held an emergency SNCO against me for nearly a year based on fabricated evidence. This federal case was filed soon after my motion to transfer that matter back to the original venue was granted.

▮▮▮ also has a history of using other people as tools to threaten me and my family. This is called abuse by proxy. It is the same narcissistic abuse tactic used when he insisted on not only fabricating, but detailing, my supposed 'kinks' in his federal complaint. In doing so, he hopes that I will be targeted by sexual violence. Or, in the alternative, at least terrified enough that I will do what he wants.

Your email, in which you falsely claim I violated a court order by submitting motions, appears to serve no purpose other than to appease your client by threatening me.

Let me be clear. I do not take your threats lightly.

1

I have already submitted a formal complaint to the ARDC regarding your role in publishing a federal lawsuit that, among it's many explicit falsehoods, includes the grotesque claim that I possess a 'kink' for being sexually degraded by complete strangers.

Your narrative, which contains my full name and address, is publicly accessible. You have compromised my personal safety and exposed me to potential harm. If I actually had such a 'kink,' I'd welcome this latest threat to my well being. I don't.

Rather than sending me blustery warnings, your time would be better spent explaining to your client why threatening my family and pursuing his long-held, sadistic fantasy of forcing my father to view revenge porn is unlikely to serve his legal interests. (See attached).

Through nearly two years of legal abuse by your seemingly increasingly unhinged and delusional client, I have had to retain no less than six different attorneys in a state where I do not even reside. I have never once blatantly disregarded a court's authority, despite your client's incessant false allegations to the contrary.

You know how to file motions to seal and redact, as you did so when my former attorney pointed out that you included your client's full name in your amended complaint.

I'll cross the bridge of your demand for monetary sanctions in response to my timely filings via the pro se filer PDF submission portal if/when I formally receive it.

Best,
Valery Ahrens

---

**From:** Jacobson, Ryan <RJacobson@amundsendavislaw.com>
**Sent:** Monday, June 2, 2025 12:41 PM
**To:** Valery Ahrens <missvalerya@live.com>
**Cc:** Watkins, Danessa <DWatkins@amundsendavislaw.com>
**Subject:** RE: 25-cv-2565 [IWOV-Active.FID2002834]

Ms. Ahrens,

What, if anything, did you do to file the attachments you provided to me on Friday, and what are your intentions to withdraw or amend the same given the warning I articulated below?

**Ryan B. Jacobson, Esq.,** Partner

**Direct:** (312) 894-3252
**Direct Fax:** (312) 997-1780

150 North Michigan Avenue #3300
Chicago, Illinois 60601

rjacobson@amundsendavislaw.com

2

www.amundsendavislaw.com | LinkedIn

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

**From:** Jacobson, Ryan
**Sent:** Friday, May 30, 2025 7:41 PM
**To:** Valery Ahrens <missvalerya@live.com>
**Cc:** Watkins, Danessa <DWatkins@amundsendavislaw.com>
**Subject:** Re: 25-cv-2565

Ms. Ahrens,

I am not certain whether you actually "filed" the documents you attached to your email, which you chose to send after the close of business on a Friday. If you did, I will caution you that your citation to the companion proceedings has effectively unmasked my client who right now is entitled to anonymity.

You are therefore in violation of the Judge's order allowing Plaintiff to proceed by pseudonym unless and until the Court is convinced otherwise.

If you do not immediately withdraw your filing, we will be forced to petition the Court to seal the document, and we will insist upon monetary sanctions for what appears to be a blatant disregard for the Court's authority.

Please advise.

In addition, we object to your arbitrary request for a 60-day extension and find the reasons you rely upon to be unpersuasive.

Sent from my iPhone

> On May 30, 2025, at 6:29 PM, Jacobson, Ryan <RJacobson@amundsendavislaw.com> wrote:
>
> Just received this.
>
> Sent from my iPhone
>
> Begin forwarded message:
>
>> **From:** Valery Ahrens <missvalerya@live.com>
>> **Date:** May 30, 2025 at 5:38:12 PM CDT
>> **To:** "Jacobson, Ryan" <RJacobson@amundsendavislaw.com>
>> **Subject: 25-cv-2565**

3

**[EXTERNAL]**

<Pseudonym.pdf>
<Extension.pdf>

4

**Exhibit D**

## Reed, Danielle

| | |
|---|---|
| **From:** | Jacobson, Ryan |
| **Sent:** | Wednesday, June 4, 2025 10:57 AM |
| **To:** | Valery Ahrens |
| **Cc:** | Watkins, Danessa |
| **Subject:** | RE: Unlawful Recordings [IWOV-Active.FID2002834] |

Ms. Ahrens,

I want to memorialize concerns that I raised today on the court call and will reiterate here.

On **April 30, 2025**, presumably at your insistence, Mr. Huotari sent me an audio recording of a conversation between you and my client that you recorded *surreptitiously* and *without his consent*. Similarly, on **June 2, 2025**, you sent me another audio recording of a telephone conversation you recorded without my client's knowledge or consent. This behavior is consistent with the publicized, unlawful recordings referenced in our lawsuit, and particularly, those described as "False Statement #1," "False Statement #2," "False Statement #12," and "False Statement #24," as well as Count III (Public Disclosure of Private Facts), generally.

You have repeatedly threatened to publicize these and other recordings as leverage against the federal lawsuit despite knowledge, and now repeated forewarning, that the recordings were made illegally.

The Illinois Eavesdropping Act, found at 720 ILCS 5/14, broadly prohibits the recording of private conversations without the consent of *all parties* involved. The law specifically prohibits recordings done "in a surreptitious manner," meaning by stealth or deception. Unauthorized recording is a felony offense – it could be a Class 4 felony for a first offense and a Class 3 felony for subsequent offenses. Victims of unauthorized recording can sue for damages, including compensatory and punitive damages.

Please act accordingly,

**Ryan B. Jacobson, Esq.,** Partner

**Direct:** (312) 894-3252
**Direct Fax:** (312) 997-1780

150 North Michigan Avenue #3300
Chicago, Illinois 60601

rjacobson@amundsendavislaw.com

www.amundsendavislaw.com | LinkedIn



This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.