## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, an individual by pseudonym | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO:    1:25-cv-02565** |
| | ) | (**HONORABLE JOHN H. THARP JR.**) |
| v. | ) | |
| | ) | |
| **VALERY J. AHRENS**, an individual | ) | |
| | ) | |
| Defendant. | ) | |

**Opposition to Motion for Leave to Proceed Under A Pseudonym**

**Introduction**

Plaintiff is not a private figure seeking protection. He is a self-proclaimed celebrity who actively monetizes his public persona through mass social media exposure, branded merchandise, YouTube shows, podcast appearances, and influencer partnerships. He has publicly declared himself "The Best Blackjack Player to Ever Walk the Land." He regularly boasts about his social status and sexual exploits, and invites public scrutiny by constantly broadcasting his personal life to hundreds of thousands of followers. He cannot credibly claim reputational harm while simultaneously selling merchandise emblazoned with his image, polling his audience on whether to hire scantily clad, visibly inebriated women as "assistants," and affiliating with ethically questionable pseudo-celebrities in a transparent bid at relevance in the modern attention economy.

Now, having filed a federal lawsuit that includes grotesque and degrading fabrications about Defendant—including false claims of sexual deviance—Plaintiff seeks to continue lobbing these attacks from behind a pseudonym. His request is not grounded in fear or safety. It is a calculated attempt to (1) shield himself from scrutiny, (2) prevent public rebuttal of his false

narratives, and (3) continue a now two-year campaign of vexatious, retaliatory litigation against Defendant.

This request is not only legally improper. It is profoundly abusive. Courts rarely grant pseudonymity, and never when the Plaintiff is a public figure who has willfully invited public discourse. Here, Plaintiff's identity is already publicly known through his numerous state court filings, increasing public awareness, and, notably, through his own counsel's failure to properly redact his name. Worse, Plaintiff's conduct—including filing false police reports, submitting perjured pleadings, and offering contradictory sworn statements across multiple jurisdictions—reflects a broader pattern of escalation designed to harass, silence, and evade accountability.

This case is not about privacy, or fear, or even defamation. It is about control. It is about a man who exhibits the traits of malignant narcissism in nearly cartoonish extremes: obsessed with image, addicted to dominance, and determined to punish anyone who sees through his facade and refuses to play along and boost his ego. Plaintiff seeks the extraordinary privilege of pseudonymity not to protect himself, but because he craves the sense of power and control he will enjoy if allowed to continue his sadistic legal abuse from behind a mask. This Court should not allow itself to become a tool of his abuse.

## Legal Standard

Courts rarely permit parties to proceed under pseudonym. The default in federal litigation is transparency. Parties must identify themselves to one another, the court, and the public. Exceptions are reserved for truly exceptional circumstances, typically involving threats to physical safety, extreme invasions of personal privacy, or potential harm to innocent third parties.

A plaintiff seeking pseudonymity bears the burden of showing that their need for anonymity outweighs the public's right to open judicial proceedings and any prejudice to the opposing party. This is a high bar. Fear of reputational harm, embarrassment, criticism—or exposure of one's own cowardice and hypocrisy to a cultivated online following—is not enough. Courts are especially reluctant to allow pseudonymity when the plaintiff is a public figure or has voluntarily placed his character and conduct at issue. This standard is even more stringent in defamation cases, *where reputation is the very subject of the litigation.*

**Plaintiff's Use of Parallel Litigation Shows Forum Shopping and Abuse**

This Court must view Plaintiff's request in the context of his broader pattern of retaliatory litigation. Defendant was in court as recently as July 7, 2025, for a status hearing in the most recent protective order case initiated by Plaintiff. Plaintiff pursued his most recent SNCO until the last possible moment before a hearing would have taken place before the judge most familiar with his numerous filings. Although Plaintiff sought dismissal without prejudice, presumably to best preserve the option to refile, the court dismissed the case with prejudice. This strategic timing and procedural manipulation are part of a years long effort to harass and torment Defendant through conflicting narratives and duplicative litigation. The current federal case cannot be considered in isolation. Defendant must be permitted to reference Plaintiff's overlapping and contradictory filings across multiple jurisdictions to demonstrate the retaliatory nature of this action and the abusive pattern it continues.

**Plaintiff's Conduct Since Filing This Lawsuit Further Undermines His Request**

One might reasonably expect a plaintiff who has filed federal defamation lawsuit seeking millions of dollars in damages to conduct himself with a modicum of restraint, dignity, and a degree of discretion befitting the seriousness of such claims. Not Plaintiff. In the short time since

initiating this action, he has doubled down on the very conduct he claims to find defamatory. He has mocked his own legal counsel on social media, theatrically mimicked cutting and snorting a line of casino chips—clearly styled to resemble the preparation and use of cocaine—and attempted to profit from merchandise sales featuring his image, likeness, and brand paired with crude, sexually charged slogans. Plaintiff's conduct reveals not distress, but opportunism. He views this Court not as a forum for justice, but as yet another tool for weaponization. His request for pseudonymity, when placed against this backdrop, is not merely improper. It is an affront to the integrity of these proceedings.

### Plaintiff Is Plainly Visible in Numerous Public Social Media Posts That Are Central to Defendant's Defense

While necessarily lengthy, this section presents only a small sample of the vast and ever-growing archive of public posts, videos, and comments that directly contradict Plaintiff's claims. Plaintiff has cultivated and sustained a highly visible, performative online presence across multiple social media platforms. He routinely displays his face, promotes his persona, and openly discusses topics that are central to this litigation. These materials are not peripheral—they are central to Defendant's ability to respond to the allegations. Omitting them, or anonymizing Plaintiff while introducing them, would deny this Court of vital context and prevent Defendant from presenting a fair and complete defense.

Plaintiff cannot simultaneously attempt to weaponize the judicial system while continuing to monetize his identity, perform for his audience, and position himself as a public figure—all while cloaking himself in pseudonymity. The evidence will show that his own conduct and content, shared freely and intentionally with hundreds of thousands of followers, render his claims not just implausible, but demonstrably false.

While many of these materials overlap in theme, Defendant has endeavored to categorize them to address the specific topics on which Plaintiff bases his defamation claims, and to demonstrate the extent to which Plaintiff's public persona invites—and at times encourages—commentary.

### Exhibit A: Cocaine-Related Content

A compilation of posts in which Plaintiff references or appears to glamorize cocaine use on his public social media platforms:

- Exhibit A-1: Screenshots from a video Plaintiff posted in which he appears to be using cocaine. He then expels a thick, hardened nasal secretion associated with chronic intranasal drug use into his hand and examines it closely.

- Exhibit A-2: Screenshot of a conversation in which a viewer urges Plaintiff to remove a post because he appears intoxicated. Plaintiff replies that he does not care and acknowledges that "lots of people" say he uses cocaine.

- Exhibit A-3: Comment under one of Plaintiff's posts stating, "(Plaintiff) snorted half a ball after this video." Plaintiff replies with: "👌👌👌."

### Exhibit B: Escort and Multiple Women References

Posts and screenshots involving Plaintiff's own public associations with multiple women, including direct engagement with followers who characterize them as escorts.

- Exhibit B-1: Plaintiff chastises followers for calling women in his videos and livestreams escorts, while continuing to post similar content.

- Exhibit B-2 Transcript of B-1.

- Exhibit B-3: A follower refers to one of his companions as a "hooker," to which Plaintiff responds that it's "funny" and doesn't bother him.

- Exhibit B-4: A video screenshot capturing Plaintiff reacting angrily to comments describing his main girlfriend at the time as an escort.

## Exhibit C: Police Glorification and Cosplay

Posts reflecting Plaintiff's recent "Back the Blue" persona, which coincidentally emerged only shortly before his vexatious litigation against Defendant commenced. According to Defendant and others familiar with him, Plaintiff never previously expressed support for law enforcement in private. Rather, he repeatedly tells women they will be 'done' if they ever call the police on him to report abuse.

- Exhibit C-1: Photo of Plaintiff posing with officers, captioned with a reference to Plaintiff donating steaks to their department.

- Exhibit C-2: Screenshot from a video showing Plaintiff wearing a police-style tactical vest, allegedly gifted by a follower who is a member of law enforcement.

- Exhibit C-3: Image from a video of Plaintiff dancing with "challenge coins" and other paraphernalia Plaintiff claims to have received from police who follow him on social media.

## Exhibit D: Plaintiff's Own Public Assertions Regarding Sexual Conduct

Despite claiming reputational harm from alleged references to his sex life, Plaintiff frequently invites sexual attention and makes crude references to his own alleged sexual prowess, dominance, and desirability.

- Exhibit D-1: Screenshot from a video in which Plaintiff instructs his main girlfriend at the time to tell viewers he "performed" sexually earlier that day.

- Exhibit D-2: Transcript of D-1

- Exhibit D-3: Screenshot in which Plaintiff claims he can "take the girlfriends" of younger men, boasting about his supposed sexual dominance.

- Exhibit D-4: Transcript of D-3

---

## Exhibit E: Public Boasting of Wealth and Status

Examples of Plaintiff's self-aggrandizing behavior, particularly regarding his claimed wealth, fame, and social superiority:

- Exhibit E-1: Image of Plaintiff flashing stacks of cash.

- Exhibit E-2: Screenshot of a post celebrating the ongoing growth of his social media presence.

- Exhibit E-3: Screenshot from video in which Plaintiff claims he is too successful to waste time on critics or "haters."

- Exhibit E-4 Transcript of E-3

---

## Conclusion

Plaintiff is not entitled to the extraordinary privilege of pseudonymity. He is a public figure by his own making—one who has actively cultivated attention, monetized his persona, and used his identity as a brand to influence, provoke, and profit. Having done so, he cannot now demand the protections reserved for truly vulnerable litigants, especially while continuing to weaponize the legal system to silence his critics and evade accountability for his own conduct.

Defendant has the right to defend herself publicly and in full. She cannot fairly do so while Plaintiff remains cloaked in secrecy, selectively curating his identity for personal gain while concealing it for litigation advantage. Pseudonymity would not serve the interests of justice—it would enable ongoing abuse.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion to Proceed Under Pseudonym in its entirety, and for such further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ *Valery Ahrens*
Valery Ahrens
Pro Se Defendant
32148 237th Street
Eldora, IA 50627
312-805-1143
missvalerya@live.com