**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 C 02565 |
| | ) | |
| VALERY J. AHRENS, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

For the reasons set forth in the Statement below, the plaintiff's motion for leave to proceed under a pseudonym [6] is denied.

**STATEMENT**

Plaintiff John Doe has filed this suit against defendant Valery J. Ahrens, alleging that after the two engaged in a long-distance, casual relationship, conducted largely online and over the phone, Ahrens began stalking and harassing him. Doe, who describes himself in the Amended Complaint as "a self-made entrepreneur, author, internet personality, [] venture capitalist . . . [and] a dedicated and loving father," Am. Compl. ¶ 17, ECF No. 22, alleges that Ahrens sent him non-stop messages and created various social media accounts for the purpose of publishing false and unflattering information about him, often engaging with his followers to direct them to these accounts. Further, Doe alleges that Ahrens broadcast certain private, sexual telephone exchanges between the two that, Doe says, he did not know she was recording. Doe claims these actions amount to defamation per se, false light invasion of privacy, public disclosure of private facts, and intentional infliction of emotional distress under state law, and has invoked diversity jurisdiction for his federal suit.

With his complaint, Doe filed a motion to proceed under a pseudonym, arguing that given her past behavior, Ahrens is likely to "weaponize" this case and any filings therein to "exacerbate" the harm she has already allegedly inflicted on Doe. Pl.'s Mot. 6, ECF No. 6. Doe argues that given the sensitivity of Ahrens's posts about Doe, and the fact that the "veracity" of those posts will be central to his defamation claims, he should be allowed to pursue his claims without further damaging his reputation.

"The norm in federal litigation is that all parties' names are public." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). This is because judicial proceedings are public and "[i]dentifying the parties to the proceedings is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). Departures from that norm are justified in cases involving, for example, parties who are minors or who have reason to fear physical harm or retaliation by third

parties as a result of the litigation. *See Doe 3 v. Elmbrook School District*, 658 F.3d 710, 723 (7th Cir. 2011), *rev'd on unrelated grounds*, 687 F.3d 840 (7th Cir. 2012) (en banc). Pseudonyms may also be allowed in cases involving victims of sex crimes. *See, e.g.*, *Doe v. Trp Acquisition Inc.*, No. 16-cv-03535, 2016 WL 3671505, at *2 (N.D. Ill. Jul. 11, 2016) (where plaintiff alleged sexual assault by her supervisor at work, "[t]he underlying facts could be shocking and very embarrassing to her," and she may face "retaliation if her name is made public").

The Seventh Circuit has "held that a desire to keep embarrassing information secret does not justify anonymity." *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 913 (7th Cir. 2024); *see also Doe v. Young*, No. 24-cv-02871, 2025 WL 927320, at *3 (7th Cir. Mar. 27, 2025) (affirming that "fear of stigmatization and a desire not to reveal intimate details were not enough to justify anonymity for the plaintiff."). Moreover, "the Seventh Circuit generally opposes allowing sexual harassment claimants to proceed anonymously." *Trp Acquisition*, 2016 WL 3671505, at *2 (quoting *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)).

In his motion and reply brief, Doe argues that this case is "exceptional" due to Ahrens's extreme, prolific, and long-running efforts to publicly defame and embarrass him. Even after Doe filed his complaint, he alleges, Ahrens threatened to publicize their phone and video calls, intervened in his personal relationships, posted about Doe online (using his real name and photo), and even lodged an unsuccessful complaint against Doe's counsel with the Attorney Registration and Disciplinary Committee. For the purposes of weighing the merits of Doe's motion, the Court will assume the truth of these allegations. Doe believes that revealing his name "will embolden Ahrens to disseminate every public filing and discovery response filed or exchanged in this litigation" while "hid[ing] behind the litigation privilege and craft[ing] pleadings designed to inflict greater mental distress and deter Plaintiff from continuing to seek redress[.]" Pl.'s Reply 4, ECF No. 46. Doe in fact separately moved for a protective order pursuant to Fed. R. Civ. P. 26(c), which the Court granted in part by ordering any materials filed by the parties related to the communications recorded (whether video or audio) by Ahrens to be filed under seal. *See* Minute Order, ECF No. 42.

The problem for Doe is that the potential harms he identifies are not the sort which are appropriately remedied by proceeding under a pseudonym. Doe fears that Ahrens will use this litigation—the fact of its existence, and any filings made therein—in her continued campaign against him, causing him further reputational and emotional damage. But the Seventh Circuit has been quite clear that reputational harm alone is not an adequate justification for proceeding anonymously. *See Loyola*, 100 F.4th at 913. And Doe has not offered any other specific consequence he fears will befall him if his name is made public in connection with this litigation other than that potential reputational harm. Only "[a] substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court—may justify anonymity." *Ind. Univ.*, 101 F.4th at 491. Further, while not bound to follow it, the Court finds persuasive the reasoning set forth in *Doe v. Doe*, 85 F.4th 206 (4th Cir. 2023), a decision from the United States Court of Appeals for the Fourth Circuit highlighted by the intervenor in this case, Eugene Volokh, an academic and journalist. In its ruling, the Fourth Circuit affirmed a denial of a plaintiff's motion to proceed under a pseudonym in a defamation case:

> [W]e fail to see how Appellant can clear his name through this lawsuit without identifying himself. If Appellant were successful in proving defamation, his use of a pseudonym would prevent him from having an order that publicly "clears" him. It is apparent that Appellant wants to have his cake and eat it too. Appellant wants the option to hide behind a shield of anonymity in the event he is unsuccessful in proving his claim, but he would surely identify himself if he were to prove his claims.

*Doe*, 85 F.4th at 217-18. If Doe wishes to use judicial proceedings against Ahrens—who is publicly named in this case—to seek relief from her allegedly defamatory and harassing behavior, he must do so under his true name and accept the risk that certain unflattering details may come to light over the course of the litigation.

This is not to say that Doe has no recourse to protect himself if he fears that Ahrens will continue to post about him or broadcast illicitly recorded conversations. Doe has already sought a protective order pursuant to Fed. R. Civ. P. 26(c), which the Court granted in part by directing any materials related to the contents of communications (whether audio or video) recorded by the Ahrens to be filed under seal. That order will remain in place for now, as the parties proceed into discovery. Doe is also free to seek preliminary injunctive relief against Ahrens if, as he indicates in his reply brief, he believes he is at imminent risk of further defamation by Ahrens. But he must seek any relief against Ahrens under his true name.

\*\*\*

Doe's motion to proceed under a pseudonym [6] is denied. Doe must file an amended complaint that includes his true name no later than 8/13/2025. Failure to timely amend will result in dismissal of this case. Ahrens' answer or other response is due 21 days after Doe files his amended complaint.

Date: July 30, 2025

John J. Tharp, Jr.
United States District Judge

3