FILED
7/18/2025 4:02 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025OP30292
Calendar, 03
33637455

FILED DATE: 7/18/2025 4:02 PM   2025OP30292

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
DOMESTIC VIOLENCE DIVISION

| | | |
|---|---|---|
| **JOHN CERASANI**, | ) | |
| Petitioner, | ) | No. 2025 OP 30292 |
| | ) | |
| vs. | ) | |
| | ) | |
| **VALERY AHRENS**, | ) | |
| Respondent. | ) | |

**MOTION FOR SANCTIONS PURSUANT TO ILLINOIS SUPREME COURT RULE 137
AND FOR OTHER RELIEF**

NOW COMES the Respondent, VALERY AHRENS ("VALERY"), by and through her

attorneys, Genevieve M. Binnie and ANDERSON BOBACK & MARSHALL, LLC, pursuant to

Illinois Supreme Court Rule 137, and in support of her Motion for Sanctions Pursuant to Illinois

Supreme Court Rule 137 and for Other Relief against the Petitioner, JOHN CERASANI ("JOHN"),

VALERY states as follows:

**BACKGROUND**

1.      The Court has jurisdiction of the parties and the subject matter herein.

2.      This current matter was transferred from Winnebago County to Cook County, and back

to Judge Greenblatt in Rolling Meadows at the Third Municipal District

3.      The litigation journey between the parties began when JOHN filed his first Petition for

Emergency Order of Protection against VALERY in Cook County on August 16, 2023, which was

assigned case number 2023 OP 30759 (hereinafter "Cook County OP"). A copy of the Cook County

OP filed by JOHN is attached hereto and incorporated herein as **Exhibit A**.

4.      In his Cook County OP, JOHN alleged that he and VALERY's relationship was that

of a boyfriend/girlfriend dating relationship and that the abuse happened in Cook County, Illinois.

1

FILED DATE: 7/18/2025 4:02 PM   2025OP30292

5.      Also, in the Cook County OP, in general, JOHN alleged that VALERY was sending him harassing messages via text and social media and was posting on a fake Instagram account she made in his name.

6.      On September 6, 2023, VALERY was informed that she was under arrest as she exited Judge Greenblatt's courtroom in Cook County after appearing in Court on JOHN's Cook County OP in connection with a criminal case filed against her by JOHN and charged with Harassment through Electronic Communication. VALERY later learned that JOHN's counsel had contacted the local police department, and requested that a part-time Inverness, Illinois Detective that JOHN was friendly with, come to the courthouse to arrest VALERY despite not having any proper paperwork or a warrant.

7.      Ultimately, after numerous court appearances and a final hearing on VALERY's Motion to Vacate or in the Alternative, to Rehear the Emergency Petition for Order of Protection, the Court found that there was no dating relationship between the parties, as required by the Illinois Domestic Violence Act, and therefore no protection available to JOHN under the statute. This resulted in JOHN's Cook County OP against VALERY being vacated and dismissed on November 21, 2023.

8.      A short time later, on December 6, 2023, JOHN filed a Petition for Emergency Stalking No Contact Order against VALERY in Cook County, case number 23 OP 31167 (hereinafter "Cook County SNCO"), wherein the Emergency was ultimately denied, but the Petition left pending. A copy of the Cook County SNCO is attached hereto and incorporated herein as **Exhibit B**.

9.      On December 7, 2023, just a day after his Cook County SNCO against VALERY was denied as an emergency, JOHN filed a Petition for Emergency Order of Protection against VALERY in Rockford, Illinois, in Winnebago County, case number, 2023 OP 3125 (hereinafter "Winnebago County OP"). A copy of the Winnebago OP is attached hereto and incorporated herein as **Exhibit C.**

10.     After obtaining his Winnebago County OP, JOHN filed a police report with the Rockford Police Department, in an attempt to have VALERY arrested again based on his new sexual

2

2025OP30292

FILED DATE: 7/18/2025 4:02 PM    2025OP30292

assault allegations set forth in the Winnebago OP. JOHN had never pursued sexual assault in his initial Cook County OP, nor mentioned any sexual assault allegations.

11. In his Winnebago County OP, JOHN alleged again that he and VALERY had a boyfriend/girlfriend dating relationship, despite the fact that the Cook County Judge had ruled that no such relationship between them was proven to have existed.

12. JOHN also alleged in the Winnebago County OP that he filed in Winnebago County because the abuse happened there, and JOHN alleged that VALERY performed an unwanted sexual act on him at a hotel in Rockford, Illinois without his consent, as well as committed other various forms of text and social media harassment. However, JOHN never mentioned the oral sex allegations in his Cook County OP, nor did he mention before that any sexual or physical abuse had ever happened between the parties at a hotel.

13. Further, JOHN alleged that he had no other prior or pending actions between him and VALERY, despite having had a Cook County OP case with VALERY and filing his Cook County SNCO against VALERY just a day before filing an action in Winnebago County.

14. On January 23, 2024, JOHN voluntarily withdrew his Cook County SNCO, and the Judge indicated in Court on that day, that it was to be withdrawn with prejudice, but this language was not included in the Order drafted by the Court and entered that day.

15. The Winnebago County OP filed against Valery on December 7, 2023 was subsequently dismissed February 13, 2024 after hearing on VALERY's Motion to Dismiss with the Court finding, in part, that, again, the parties did not have a dating relationship for JOHN to be able to obtain protection under the Illinois Domestic Violence Act.

16. On December 8, 2023, immediately after JOHN had filed his Winnebago County OP, he then filed a Motion to Reconsider in the initial Cook County OP, however, this Motion to Reconsider was then voluntarily withdrawn by JOHN on January 22, 2024.

2025OP30292

FILED DATE: 7/18/2025 4:02 PM   2025OP30292

17.     On January 30, 2024, VALERY was found not guilty of the criminal charges brought against her by JOHN in Cook County.

18.     On February 16, 2024, just three (3) days after his Winnebago County OP was dismissed, JOHN proceeded to file another Emergency Petition for Stalking No Contact Order against VALERY in Winnebago County, case number 2024 OP 420 (hereinafter "Winnebago County SNCO"), which was granted by the Judge in Winnebago County. A copy of the Winnebago County SNCO is attached hereto and incorporated herein as **Exhibit D**.

19.     The Winnebago County SNCO was later vacated as an Emergency, based on a Motion filed by VALERY, but the Petition remained pending.

20.     On October 24, 2024, the Cook County Court entered an Order correcting it's previous January 23, 2024 Order allowing JOHN to withdraw his Cook County SNCO, indicating that based on the Court's notes and transcript, that the withdrawal of the Cook County SNCO was to be with prejudice *nunc pro tunc* to January 23, 2024.

21.     JOHN filed a Motion to Vacate this October 24, 2024 Order, which was later denied after a hearing with the Court, per the Order entered on December 20, 2024.

22.     In the Winnebago SNCO case, after several court dates and motions, VALERY's Motion to Dismiss or Transfer Venue filed by her attorney in Winnebago County was granted and the Winnebago County SNCO was transferred back to Judge Greenblatt in Cook County, where this present action is taking place, where it was set for a status date via Zoom on July 7, 2025.

23.     On July 7, 2025, JOHN's attorney appeared via Zoom and requested that the Winnebago Petition for SNCO be withdrawn voluntarily. The Judge allowed JOHN to withdraw his pending SNCO and ordered that the withdrawal be, again, with prejudice.

24.     After VALERY's Motion to Dismiss or Transfer Venue was granted and the case ordered to be transferred to Cook County, while awaiting a new court date in Cook County, JOHN has

4

2025OP30292

FILED DATE: 7/18/2025 4:02 PM   2025OP30292

also filed a defamation case against VALERY in federal court seeking monetary and other damages, which currently remains pending and unresolved.

<h3 style="text-align:center"><u>APPLICABLE LAW AND RELEVANT CASE LAW</u></h3>

25.     Illinois Supreme Court Rule 137 provides the following:

*"(a)     Signature requirement/certification. Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other document and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee."*

26.     Similar to JOHN's behavior in this case, in the case *In re the Marriage of Bonner,* 2019 IL App (1st) 182717-U, the ex-husband filed numerous motions, all with the same allegations and personal attacks against his ex-wife, all not well grounded in the exiting law. The Court held that the ex-husband had violated Supreme Court Rule 137 by filing these signed motions, and that his behavior was frivolous and harassing. The Trial Court ordered the ex-husband to pay sanctions against his ex-wife as a result, and the Appellate Court affirmed the ruling by the Trial Court.

27.     In another relevant case, *The Marriage of Kent,* 2021 IL App (2d) 200637-U, a Trial Court sanctioned the attorney for the wife as a result of his filing and withdrawing several motions, some regarding the same issues, and some different issues, resulting in increased legal fees for the

5

2025OP30292

FILED DATE: 7/18/2025 4:02 PM   2025OP30292

husband. The Appellate Court affirmed the decision of the Trial Court and the attorney had to pay the sanction to the husband.

## ARGUMENT

28.     In total, JOHN filed four (4) civil cases, and one (1) criminal case, against VALERY. The civil cases include two (2) Petitions for Orders of Protection and two (2) Petitions for Stalking No Contact Orders in two (2) different counties, over the last two (2) years under the guise that he is in need of protection provided for under the Illinois Domestic Violence Act.

29.     JOHN's allegations in every single case are generally about VALERY harassing him via text and social media, but they all vary greatly as to what kind of harassment has occurred, when it has occurred, where it has occurred, and who is involved.

30.     Every single allegation ever made by JOHN against VALERY in all four (4) cases has so far, gone unproven, are simply aimed at VALERY to harass her, and cause her to incur attorney fees to defend herself against baseless lies.

31.     JOHN's variations of his narrative in each petition filed and signed by him, cannot be well grounded in fact; if that were true the allegations in each case filed should be identical and not altered in every pleading based on what he wants a certain judge to know.

32.     Based on the specific allegations in each case he has filed, JOHN only makes certain allegations he believes are needed in each County to have his petition granted; based on this behavior it is obvious that JOHN is forum shopping for a judge and a venue that will grant one of his Petitions against VALERY.

33.     Despite a ruling in Cook County that JOHN's relationship with VALERY fell short of what was required to qualify for protection under the IDVA, JOHN filed his Winnebago County OP alleging the very same type of relationship. Clearly, after the Cook County Judge's ruling in his Cook County OP,  JOHN signed his Winnebago County OP Petition despite having clear knowledge it was not *well grounded in fact and or warranted by existing law* in violation of Supreme Court Rule 137.

2025OP30292

FILED DATE: 7/18/2025 4:02 PM   2025OP30292

34.     Pursuant to Rule 137, the Court may order the violating party to pay to the other party the amount of reasonable expenses incurred because of the filing of the pleading, motion, or other document, including reasonable attorney fees.

35.     VALERY has incurred an incredible amount of attorney fees in defending herself against four (4) different cases in civil court, a criminal case, and now a federal defamation case. All of these attorney fees incurred by VALERY were a direct result of JOHN's harassing behavior, fictitious allegations, forum shopping, and his intention to needlessly drive the cost of litigation up for VALERY to ensure she is not able to have an attorney to defend her against his false claims of domestic violence.

36.     VALERY has had to hire four (4) different attorneys in Cook County and Winnebago County to defend herself against JOHN's baseless allegations, namely: Genevieve Binnie and Sarah Toney in Cook County, and Zachary Townsend and Tyler Crosby in Winnebago County.

37.     Over the last year and eleven (11) months, VALERY has paid to her attorneys the total sum of approximately $70,000 for attorney's fees and costs to have to defend herself against JOHN's harassment, false allegations, and abuse of the court system, with more attorneys fees likely being incurred in the near future.

38.     The allegations against VALERY have never been proven, and in two (2) cases, JOHN has voluntarily withdrawn his Petitions, choosing not to even proceed to an evidentiary trial, resulting in very unnecessary fees to VALERY.

39.     This Court should impose very real and serious sanctions against JOHN for his clear violations of Supreme Court Rule 137 and order him to pay to VALERY the sum of $100,000 to cover her attorney's fees and costs and JOHN's almost two (2) yearlong tirade of harassment against VALERY and as punishment to JOHN to deter future false and harassing litigation.

2025OP30292

FILED DATE: 7/18/2025 4:02 PM   2025OP30292

**WHEREFORE**, the Respondent, VALERY AHRENS, requests that this Court enter the following order:

A.      Ordering the Petitioner, JOHN CERASANI, to pay the Petitioner, VALERY AHRENS, the sum of $100,000 for Supreme Court Rule 137 sanctions

B.      Ordering the Petitioner, JOHN CERASANI, to obtain this Court's permission before filing any future civil cases against the Respondent, VALERY AHRENS; and

C.      For such other relief as this Court deems just and equitable.


Respectfully submitted,


_____
Attorney for Respondent


Anderson Boback & Marshall, LLC
Genevieve M. Binnie
Attorney for Respondent
20 North Clark Street, #3300
Chicago, IL 60602
312-715-0870
#101242

8

2025OP30292

FILED DATE: 7/18/2025 4:02 PM   2025OP30292

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this Petition are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he or she verily believes the same to be true.

*Valery Ahrens*

VALERY AHRENS

Anderson Boback & Marshall, LLC
Genevieve M. Binnie
Attorney for Respondent
20 North Clark Street, #3300
Chicago, IL 60602
312-715-0870
#101242