## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN CERASANI**, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CASE NO: 1:25-cv-02565** |
| v. | ) | (HONORABLE JOHN H. THARP JR.) |
| | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| | ) | |
| **VALERY J. AHRENS**, an individual, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S FEDERAL RULE 12(B)(6) MOTION TO DISMISS

NOW COMES Plaintiff, JOHN CERASANI, by and through his attorneys, Amundsen Davis LLC, and for his Response in opposition to Defendant's Federal Rule 12(b)(6) Motion to Dismiss Plaintiff's Third Amended Complaint at Law, he asserts the following:

### INTRODUCTION

Defendant's Motion to Dismiss is procedurally misplaced. Although presented as a Rule 12(b)(6) challenge, it functions as an improper attempt to litigate the merits through competing narratives, speculation about evidence, and *ad hominem* attacks. At this stage, the Court is limited to the four corners of the Complaint, and it is charged with answering a singular question -- whether Plaintiff states a plausible claim for relief? Courts may grant a motion to dismiss under Rule 12(b)(6) only if no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Lott v. Levitt*, 469 F. Supp. 2d 575, 577 (2009).

Plaintiff's 63-page, 267-paragraph Third Amended Complaint does exactly that. It identifies Defendant's authorship of the defamatory statements, details their falsity, pleads actual malice through allegations of a retaliatory campaign, and alleges reputational harm that can be presumed in Illinois where liability is *per se*. These allegations, accepted as true, easily satisfy the plausibility standard set

forth in *Iqbal* and *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

## RULE 12(B)(6) STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to evaluate the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). At this stage, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Id.* at 1520-1; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–56. Likewise, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," and plausibility does not demand "detailed factual allegations." *Id.* at 555. Factual allegations must be enough to raise a right to relief above the speculative level. *Id. cited within Ousterhout v. Zukowski*, 2014 U.S. Dist. LEXIS 135906, *2 (2014); *see also Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) ("Federal complaints plead *claims* rather than facts").

The Seventh Circuit has consistently held that plaintiffs need only "provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." A plaintiff does not have to prove its factual and legal allegations, it must only show that relief is possible. *See Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2001) (Rule 12(b)(6) motion not the place to resolve factual disputes). The Court should not weigh evidence, resolve factual disputes, or credit the parties' competing narrative. *Id.* Indeed, "[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of Rule 8." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *see also Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923 (7th Cir. 2007) ("Plaintiffs do not need to plead facts that establish each element of a cause of action, but must plead facts sufficient to put the defendants on notice of the claims.").

This Court is tasked with determining whether the complaint contains "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Twombly*, 550 U.S. at 556. So long as the allegations are facially plausible and not merely "labels and conclusions" or "a formulaic recitation of the elements," dismissal is improper. *Iqbal*, 556 U.S. at 678; *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (recognizing that the Court must construe complaint in light most favorable to plaintiff). The Plaintiff's lawsuit here provides more than enough detail to withstand dismissal at the pleading stage.

## LEGAL ANALYSIS

Though her Motion is styled as a Rule 12(b)(6) challenge, it is in reality a premature and highly improper attempt by Ahrens to argue "evidence" she imagines will someday absolve her. Ahrens leans heavily on artificial intelligence and uses the opportunity to recast herself as the victim by bombarding the Court with inflammatory screenshots and excerpts of communications without context. Ahrens's brief reads more like a scattershot summary judgment attempt; it is filled with conclusory narratives, character assassinations, and selective memories of circumstances not currently part of the record. Defendant's likely intent is to flood the docket with defamatory insinuations under the guise of litigation privilege, instead of abiding by court procedure and pleading standards. *Pro se* litigants "are not excused from compliance with procedural rules." *See, generally, Pearle Vision Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008); *see also DJM Logistics, Inc. v. FedEx Ground Package Sys.*, 39 F.4th 408, 415 (7th Cir. 2022) ("[l]atitude with a pro se plaintiff can be limited, and patience can be exhausted, in the face of persistent violative conduct.").

The question at this stage is not whether the complaint includes every detail of proof, but whether it sets forth enough factual matter to present a plausible right to relief. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("…the plaintiff must give enough details about the subject-

matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen.")

## I.  RULE 12(B)(6) DOES NOT PERMIT JUDICIAL NOTICE OF CONTESTED FACTS.

The Defendant improperly inundates the Court with what she considers demonstrative evidence and insists the Court treat such evidence as undisputed. [Doc. 51].  Likewise, in the Motion itself, Ahrens offers a laundry list of excuses: (a) that she is not responsible for the anonymous accounts at issue; (b) that Plaintiff's reputation is already tarnished beyond repair; and (c) and that Plaintiff's reputational harm is self-inflicted because of his "persona" online and numerous critics. She urges the Court to consider and weigh evidence in connection with her own self-serving narrative and recycled abuse allegations, all of which constitute issues of fact for a jury to resolve.

At this stage, however, a complaint survives even if there are other conceivable explanations for the alleged conduct; Rule 12(b)(6) requires only a plausible claim, not the most probable explanation." *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). The analysis is confined to the allegations of the complaint, documents incorporated by reference, and public records of indisputable accuracy. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Judicial notice under Fed. R. Evid. 201 extends only to facts "not subject to reasonable dispute" because they are either generally known within the Court's jurisdiction or capable of accurate verification from sources whose reliability cannot reasonably be questioned. Fed. R. Evid. 201(b).

Defendant's request that the Court judicially notice her alternate narrative -- including recycled accusations, personal denials, screenshots, and unrelated banter online -- does not fall within this narrow rule. Courts routinely refuse such invitations. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997) (judicial notice improper where facts are subject to dispute); *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (Rule 12(b)(6) not a vehicle for weighing competing factual assertions).

4

This case is merely at the pleading stage. The Court must accept Plaintiff's well-pled allegations as true and determine only whether they plausibly state a claim for relief. *Twombly*, 550 U.S. at 555–56; *Iqbal*, 556 U.S. at 678.  Ahrens's attempt to bypass that rule and secure early factual findings through judicial notice should be rejected and the materials should be stricken altogether form the record under Rule 12(f). Rule 12(f) permits the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Such material is immaterial to the sufficiency of the Complaint, risks confusing the issues, and is presented solely to prejudice Plaintiff. Plaintiff does not seek to prevent Defendant from later introducing admissible evidence at the appropriate stage, but inclusion of these disputed narratives within the boundaries of a Rule 12(b)(6) motion is highly improper and quite prejudicial.  The anticipated concerns raised in Plaintiff's Motion to Proceed by Pseudonym are already proving true.

## II.   ANCILLARY STATE COURT PROCEEDINGS HAVE NO BEARING ON PLAINTIFF'S FEDERAL CAUSES OF ACTION.

Defendant places undue emphasis on prior state-court order of protection proceedings as if their outcomes foreclose the same claims asserted by Plaintiff here. The Defendant either misunderstands or deliberately misconstrues how these distinct proceedings interrelate, if at all.  Such proceedings are governed by a different body of case law and incongruent standards.

Illinois protective orders are statutory remedies governed by the Illinois Domestic Violence Act, 750 ILCS 60/101 et seq., a state statute, designed to prevent future abuse. They are adjudicated under an expedited process, often without the benefit of discovery, and require proof by only a preponderance of the evidence. *See Best v. Best*, 223 Ill. 2d 342, 348–49 (2006). These proceedings are fundamentally preventive, not compensatory, and they do not adjudicate tort liability let alone reputation-based claims. *Id.* Ahrens's suggestion that the outcome of a summary protective order hearing forecloses Plaintiff's federal civil claims misstates both the law and the purpose of such

proceedings. Any argument or exhibits that discuss these proceedings should be disregarded if not fully stricken from the record.

## III. PLAINTIFF'S THIRD AMENDED COMPLAINT SURPASSES THE PLAUSIBILITY THRESHOLD OF RULE 12(B)(6).

Rule 12(b)(6) is not a vehicle for testing evidence, advancing alternative narratives, or relitigating grievances. *Bennett*, 153 F.3d at 519; *Vincent*, 485 F.3d at 923. Defendant's Motion invites the Court to weigh her version of disputed facts, but at the Rule 12(b)(6) stage the inquiry is far more limited: whether Plaintiff's allegations, taken as true, plausibly state a claim for relief. *Twombly*, 550 U.S. at 555–56; *Iqbal*, 556 U.S. at 678. As courts in the Northern District have emphasized, Rule 8 requires only "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the claim—not proof at the pleading stage. *Tamayo*, 526 F.3d at 1081 (reversing dismissal; "a plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests"); *see also Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614–15 (7th Cir. 2013) (recognizing sufficiency of well-pled defamation per se allegations under Illinois law).

Here, Plaintiff does precisely what *Twombly* and *Iqbal* demand. He alleges **authorship** by identifying Defendant's creation and exploitation of specific troll accounts (i.e. @johncerasaniisanarcissist, @johncerasaniisweakasswaterfall) to publish false statements attacking Plaintiff's character (Compl. ¶¶ 36, 54, 60). Defendant is also alleged to have "crafted" and "publicized" the false statements broadly, using Plaintiff's real name in the 'handle,' targeted hashtags, and also by tagging celebrities, industry leaders, and influencers to maximize reach (Compl. ¶¶ 216–218, 229). The Complaint further pleads Defendant's continued dissemination of actionable statements and recordings (Compl. ¶ 231). At this stage, those allegations must be accepted as true, and competing speculation about "other possible authors" is immaterial. *See Adams*, 742 F.3d at 728.

Cerasani also pleads **falsity** by detailing (and refuting) Defendant's imputation of serious crimes -- bribery, perjury, filing false police reports, drug abuse -- none of which are true (Compl. ¶¶

42, 75, 85–87, 91–94, 109, 123, 145, 157, 162, 167, 173, 191). Plaintiff pleads that Defendant "knowingly lied, manipulated facts, and distorted reality" when publishing these statements (Compl. ¶¶ 220–222). These allegations are reincorporated into the non-defamation counts, including False Light (Compl. ¶ 236) and Public Disclosure of Private Facts (Compl. ¶ 244).

Moreover, even though Defendant has not met the threshold burden of proving Plaintiff is a public figure for 'all purposes' -- or even a limited purpose public figure – Cerasani has alleged facts to establish that Ahrens acted with ***actual malice.*** The Complaint explicitly alleges Defendant acted with "actual malice," i.e., with knowledge of falsity or reckless disregard for the truth (Compl. ¶¶ 223–224). Specific factual bases include: Defendant had no firsthand knowledge, no documentary evidence, and no adjudications substantiating her accusations; she never consulted Plaintiff before broadcasting them; and she knew or should have expected they would cause irreversible reputational harm (Compl. ¶¶ 224(a)–(e), 225–230). In fact, the Complaint is fraught with numerous, factual allegations supporting Ahrens's knowledge of the falsity of her statements before widely publicizing them across the internet and to members of Cerasani's personal and professional circles. (Compl. ¶¶ 12, 43, 63–64, 70, 137, 147, 159, 163, 169, 175, 182, 193, 200–01). Similar allegations are incorporated into other tort claims as well, i.e., False Light (Compl. ¶¶ 236, 238) and IIED (Compl. ¶ 261)

Lastly, the Plaintiff pleads broad *reputational harm* suffered as a consequence of Ahrens's dissemination of the defamatory speech to thousands of recipients -- including casinos, influencers, and business contacts – which impaired his professional standing and foreseeable opportunities (Compl. ¶¶ 13–14, 39-40, 44, 46, 56–57). Plaintiff similarly describes Ahrens's calculated retaliation against Plaintiff for severing ties, as well as the steps taken to manipulate private recordings and hide behind burner phones and fabricated social media accounts to maximize the harm to his reputation. The Complaint also identifies numerous statements imputing serious crimes and misconduct, including physical and sexual assault, stalking, bribery of public officials, obstruction of justice,

destruction of evidence, serial felony conduct, and immoral sexual behavior (Compl. ¶¶ 218(a)–(f)). These allegations, if true, establish defamation *per se*, for which damages are presumed. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926–27 (7th Cir. 2003) (reversing dismissal where complaint alleged statements imputing lack of integrity in profession). Illinois law *presumes* damages where statements impute the commission of a crime, and also, when the other *per se* categories are implicated. *Id.*

Notwithstanding, Plaintiff alleges that Defendant's conduct "infiltrated [his] personal and professional circles, subjected him to undue ridicule, and continues to have a demonstrable adverse impact on his esteemed career, as well as his physical and emotional well-being" (Compl. ¶¶ 233–234). He pleads damages including humiliation, distress, lost income and opportunities, harm to future earning capacity, and costs associated with restoring his reputation, all as a proximate result of Ahrens's objectively oppressive and harassing behavior. (Compl. ¶¶ 15, 58, 233-234). These damages allegations are expressly incorporated into the False Light (Compl. ¶¶ 241–242), Public Disclosure of Private Facts (Compl. ¶¶ 252, 258-259), and IIED counts (Compl. ¶¶ 265-266).

In sum, Plaintiff's Third Amended Complaint sets forth detailed allegations linking Defendant to the authorship of the defamatory publications, describing in granular detail their falsity, pleading actual malice with factual support, and alleging significant reputational and economic damages. These allegations are reiterated across defamation and non-defamation counts, ensuring that the Complaint as a whole surpasses the plausibility threshold under *Twombly* and *Iqbal*.

## CONCLUSION

A federal 12(b)(6) review focuses on the pleadings not the proofs. Ultimately, the question before this Court is not whose story is more persuasive, but whether Plaintiff's allegations, taken as true, state a plausible claim for relief. The Third Amended Complaint identifies with particularity the statements at issue, the accounts from which they originated, and the falsity, malice, and reputational

harm that flow directly from Defendant's conduct. These allegations more than suffice to cross the plausibility threshold, even under the heightened standards applicable to public-figure defamation claims. Defendant's Motion does not expose a deficiency in the pleadings but merely previews arguments for another day, and it should be denied in its entirety.

**WHEREFORE**, for the foregoing reasons, Plaintiff, **JOHN CERASANI**, prays for a denial of the Defendant, **VALERY AHRENS's**, Motion to Dismiss Plaintiff's Third Amended Complaint at Law, brought pursuant to Federal Rule 12(b)(6), and order the Parties herein to proceed with discovery.

**MOREOVER**, the Plaintiff seeks any additional relief this Court deems appropriate and just including, but not limited to, striking and/or sealing Doc 51 and the exhibits attached to Doc 53 pursuant to Rule 12(f).

**Dated: September 24, 2025**

          **Respectfully submitted,**
          **Attorney for Plaintiff, John Cerasani**

          By:    /s/ Ryan B. Jacobson
               Ryan B. Jacobson, Esq (IL Bar No. 6269994)
               AMUNDSEN DAVIS LLC
               150 North Michigan Avenue, Suite #3300
               Chicago, Illinois 60601
               Telephone: (312) 894-3252
               rjacobson@amundsendavislaw.com