**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN CERASANI**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**VALERY J. AHRENS**, an individual,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 1:25-cv-02565**<br>(Honorable John J. Tharp Jr.)<br>JURY DEMAND FILED |

**PLAINTIFF'S MOTION FOR LEAVE TO CORRECT CITATIONS**
**<u>IN HIS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff, JOHN CERASANI, by his attorneys, Amundsen Davis LLC, respectfully moves for leave to correct certain citations in Plaintiff's Response in Opposition to Defendant's Federal Rule 12(b)(6) Motion to Dismiss (Dkt. 55) (the "Response"). In support thereof, Plaintiff asserts as follows:

1. Plaintiff filed the Response on September 24, 2025. (Dkt. 55.) Defendant's Motion to Dismiss remains pending before the Court. (Dkt. 53.)

2. In a subsequent review, counsel audited every citation in the Response against the reported decisions; in doing so, he identified the citation, quotation, parenthetical, and pinpoint errors described below. Counsel brings these errors to the Court's attention voluntarily, takes full responsibility, and submits these corrections so that the Court has an accurate record, consistent with counsel's duty of candor to the tribunal. *See* N.D. Ill. L.R. 83.50*;* Model Rules of Pro. Conduct r. 3.3 (Am. Bar Ass'n)*; see also* Ill. R. Pro. Conduct 3.3. No authority cited in the Response was fictitious.

3. Each correction is strictly corrective. None changes the substance of Plaintiff's arguments or adds new argument. Except where necessary to identify the correct source of quoted

language or the pleading standard already stated in the Response, no correction adds authority. Where this motion refers to an authority, it does so only to identify or explain a correction, not to expand the Response.

4. Because the Motion to Dismiss remains under advisement, Plaintiff brings these corrections to the Court's attention now so that the Court does not rely on the erroneous citations in resolving the Motion.

5. Plaintiff asks that the Court treat the Response as corrected in the respects set forth below. Should the Court prefer a corrected brief, Plaintiff will file one within seven (7) days that makes only the corrections set forth above and conforming, non-substantive changes to citation form and typography

6. For the Court's convenience, the corrections appear in the order in which they occur. Page references are to the ECF page numbers of the Response (Dkt. 55).

## CORRECTIONS

### A. Caption.

The caption of the Response reads "Honorable John H. Tharp Jr." It should read "Honorable John J. Tharp Jr." Counsel apologizes for using the wrong middle initial.

### B. Lott v. Levitt (Response at 1).

The Response states that "[c]ourts may grant a motion to dismiss under Rule 12(b)(6) only if no relief could be granted under any set of facts that could be proved consistent with the allegations," citing "*Lott v. Levitt*, 469 F. Supp. 2d 575, 577 (2009)." The citation omits the court, misstates the year of decision, and omits the subsequent history. It should read: *Lott v. Levitt*, 469 F. Supp. 2d 575, 577 (N.D. Ill. 2007), aff'd, 556 F.3d 564 (7th Cir. 2009). In addition, the "no set of facts" formulation quoted in *Lott* derives from *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957),

which the Supreme Court retired in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Plaintiff therefore withdraws that sentence and does not rely on *Lott* for that proposition. The plausibility standard stated elsewhere in the Response governs. Ashcroft v. *Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555–56.

**C. Twombly and Ousterhout citations (Response at 2).**

(i) The citation, "*Id.* at 555," follows a string citation to three authorities and therefore does not identify its source. It should read "*Twombly*, 550 U.S. at 555," where the quoted language ("a short and plain statement of the claim showing that the pleader is entitled to relief" and "detailed factual allegations") appears.

(ii) The next sentence, "Factual allegations must be enough to raise a right to relief above the speculative level," reproduces *Twombly's* language verbatim and should appear in quotation marks. The citation that follows it, "*Id.* cited within *Ousterhout v. Zukowski*, 2014 U.S. Dist. LEXIS 135906, *2 (2014)," should read: *Twombly*, 550 U.S. at 555; *see also Ousterhout v. Zukowski*, No. 11-cv-9136, 2014 U.S. Dist. LEXIS 135906, at *5 (N.D. Ill. Sept. 26, 2014). *Ousterhout* quotes the sentence at *5, not *2. These changes correct citation form and source location *only*.

**D. Omitted citation for quoted language (Response at 2).**

The sentence "The Seventh Circuit has consistently held that plaintiffs need only 'provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests'" appears without a citation. The quoted language is from *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008), which itself quotes an earlier decision. The citation "*Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (internal quotation marks omitted)" should follow the sentence. This correction supplies the omitted citation only.

**E. <u>Alper v. Altheimer & Gray</u> (Response at 2).**

The Response states: "A plaintiff does not have to prove its factual and legal allegations, it must only show that relief is possible. *See Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2001) (Rule 12(b)(6) motion not the place to resolve factual disputes). The Court should not weigh evidence, resolve factual disputes, or credit the parties' competing narrative. *Id.*" The reporter, volume, first page, court, and year are *accurate*.

Three problems require correction. First, the sentence closely tracks *Alper's* language at 687 without quotation marks. Second, *Alper's* statement that a party "must only show that relief is possible" rests on the *Conley* "no set of facts" standard, *see Alper*, 257 F.3d at 684, 687, which *Twombly* retired. Third, the parenthetical does not describe a holding at page 687, and the "*Id.*" that follows attributes to *Alper* a sentence that reiterates Plaintiff's argument. Plaintiff withdraws the first sentence, the citation to *Alper*, its parenthetical, and the following "*Id.*" The sentence "The Court should not weigh evidence, resolve factual disputes, or credit the parties' competing narrative" remains as Plaintiff's argument and carries no citation.

**F. <u>Vincent v. City Colleges of Chicago</u> (Response at 2).**

The Response attributes to *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923 (7th Cir. 2007), the following quotation: "Plaintiffs do not need to plead facts that establish each element of a cause of action, but must plead facts sufficient to put the defendants on notice of the claims." That sentence does not appear in *Vincent*. Plaintiff withdraws the quotation and the citation to *Vincent* for it. (A second citation to *Vincent*, at page 6, is addressed in Paragraph J below.) This withdrawal adds no replacement argument or authority.

**G. <u>Adams v. City of Indianapolis</u> (Response at 4).**

The Response cites *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), for the proposition that "a complaint survives even if there are other conceivable explanations for the alleged conduct; Rule 12(b)(6) requires only a plausible claim, not the most probable explanation." *Adams* sets out the *Twombly* and *Iqbal* plausibility standard at page 728, but it does not state that proposition. The sentence also contains a stray closing quotation mark. Plaintiff withdraws the citation to *Adams* and the stray quotation mark. (The second citation to *Adams*, at page 6, is addressed in Paragraph L below.)

**H. <u>McCready v. eBay, Inc.</u> (Response at 4).**

The Response cites *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006), with the parenthetical "(Rule 12(b)(6) not a vehicle for weighing competing factual assertions)." At page 891, *McCready* addresses the sufficiency of diversity-jurisdiction allegations and whether a document attached to a motion to dismiss may be considered. It does not state the proposition in the parenthetical. Plaintiff withdraws the citation to *McCready* and its parenthetical. The remaining citation in that sentence, to *General Electric Capital Corp.*, is unaffected.

**I. <u>Best v. Best</u> (Response at 5).**

The Response cites *Best v. Best*, 223 Ill. 2d 342, 348–49 (2006), for the statement that proceedings under the Illinois Domestic Violence Act require proof by a preponderance of the evidence. The "*Id.*" that follows the next sentence, which describes such proceedings as "fundamentally preventive, not compensatory" and as not adjudicating tort liability, is withdrawn. That sentence states Plaintiff's argument, not a holding of *Best*, and it will carry no citation.

**J. <u>Vincent v. City Colleges of Chicago</u> (Response at 6).**

The Response cites "*Bennett*, 153 F.3d at 519; *Vincent*, 485 F.3d at 923" for the statement that "Rule 12(b)(6) is not a vehicle for testing evidence, advancing alternative narratives, or relitigating grievances." That language appears in *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998), but not *Vincent*; Plaintiff withdraws the citation to *Vincent*.

**K. <u>Tamayo v. Blagojevich and Twombly</u> (Response at 6).**

The sentence and citation at page 6 should read as follows: "As the Supreme Court has explained, Rule 8 requires only 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the claim—not proof at the pleading stage. *Twombly*, 550 U.S. at 556; *see also Tamayo*, 526 F.3d at 1083 (affirming in part and reversing in part; 'A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.' (internal quotation marks omitted))."

This revision makes three corrections. First, the quoted phrase comes from *Twombly*, 550 U.S. at 556, not from *Tamayo*, and the original reads "enough fact," in the singular. Second, the introductory clause "As courts in the Northern District have emphasized" is inaccurate because neither authority is a Northern District decision. Third, the pinpoint to *Tamayo* should be 1083, not 1081, and the parenthetical "reversing dismissal" should read "affirming in part and reversing in part," which is the Seventh Circuit's disposition.

**L. <u>Pippen v. NBCUniversal Media, LLC and Adams</u> (Response at 6).**

(i) The Response cites *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614–15 (7th Cir. 2013), with the parenthetical "(recognizing sufficiency of well-pled defamation per se allegations under Illinois law)." That parenthetical is inaccurate. *Pippen* affirmed the dismissal of

the plaintiff's defamation claims, and pages 614–15 address the pleading of actual malice and the single-publication rule. Plaintiff withdraws both the citation to *Pippen* and its parenthetical.

(ii) The citation "*See Adams*, 742 F.3d at 728" at the end of the paragraph concerning "other possible authors" is withdrawn. As explained in Paragraph G above, *Adams* sets out the plausibility standard at page 728 but does not address the proposition for which it is cited. The sentence remains as Plaintiff's argument without citation.

**M. <u>Muzikowski v. Paramount Pictures Corp.</u> (Response at 8).**

The citation to *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926–27 (7th Cir. 2003), is *accurate*. The "*Id.*" that follows the next sentence, concerning the presumption of damages when a statement falls within a per se category, should read "*Id.* at 924," where *Muzikowski* describes the per se categories and the presumption of damages.

7. Counsel has re-reviewed the remaining citations in the Response against the cited decisions and has identified no further errors requiring correction.

**WHEREFORE**, Plaintiff, JOHN CERASANI, through his undersigned counsel, respectfully requests that the Court (a) grant Plaintiff leave to correct the Response (Dkt. 55) as set forth above; (b) deem the Response corrected accordingly or, in the alternative, grant Plaintiff leave to file, within seven (7) days, a corrected Response that makes only the corrections set forth above and conforming, non-substantive changes to citation form and typography; and (c) grant such further relief as the Court deems just.

Dated: October 14, 2026

Respectfully submitted,
JOHN CERASANI, Plaintiff

By: /s/ Ryan B. Jacobson
One of His Attorneys

Ryan B. Jacobson, Esq. (ARDC No. 6269994)
AMUNDSEN DAVIS LLC
150 North Michigan Avenue, Suite #3300
Chicago, Illinois 60601
(312) 894-3252 DIRECT
rjacobson@amundsendavislaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 14, 2026, he caused the foregoing Plaintiff's Motion for Leave to Correct Citations in His Response in Opposition to Defendant's Motion to Dismiss (Dkt. 55) to be filed electronically with the Clerk of the Court using the CM/ECF system, and served a copy upon Defendant Valery J. Ahrens, pro se, by electronic mail to missvalerya@live.com.

/s/ Ryan B. Jacobson